

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 16, 1939

Mr. Fred Hickman
Department of Public Safety
Austin, Texas

Dear Sir:

Opinion No. 0-346
Re: Does appropriation cover
expense of providing arti-
ficial limb for Highway
Petrolman wounded in line
of duty.

We are in receipt of your letter of February 13, 1939,
advising that Mr. C. H. Key, while performing the duties of a
Texas Highway Petrolman on February 17, 1938, was shot through
the leg, that amputation has been necessary, and that he is now
getting in condition for use an artificial limb.

You make reference to Senate Bill 158, Chap. 504, Page
1362, General and Special Laws, 45th Legislature, special refer-
ence being made to Page 1464, Department of Public Safety, Texas
Highway Patrol Division, Appropriation 15, which reads as follows:

"Motor equipment, parts, supplies,
loadmeters, fixtures, other equipment
and supplies, printing, stationery,
telephone, telegraph, rentals, tele-
typewriters, express, freight, postage,
repairs, maintenance, hospitalization,
medical services, and funeral expenses
of patrolmen when injured or killed in
line of duty, surety bonds, uniforms,
belts, scabbards, badges, arms and
ammunition, radios, first aid supplies,
contingent expenses and all other reason-
able and necessary expenses, including
maintenance, labor and equipment of the
training school for patrolmen. . . . . .

| | For the Years Ending | |
| --- | --- | --- |
| | Aug. 31, 1938 | Aug. 31, 1939 |
| | $185,000.00 | $185,000.00" |

You then ask whether funds from the above appropriation may be used for the purchase of such artificial limb?

In the case of People vs. Blman, 115 N. E. 317, the Supreme Court of Illinois observed:

"The term 'medicine' is not limited to substances supposed to possess curative or remedial properties, but has also the meaning of the healing art--the science of preserving health and treating disease for the purpose of cure--whether such treatment involves the use of medical substances or not."

From the opinion of the California Supreme Court, in Union Iron Works v. Industrial Acc. Commission, 210 Pac. 410, we quote:

"It therefore follows that the medical and surgical services contemplated and called for by the statute in question should be such as will tend to secure the return of the workman to productive employment."

The above cases do not involve the point in question. We merely include these quotations as indicative of the fact that the term "medicine" is not confined to drugs alone, and that the term "medical services" is not confined to the administering of medicines alone, but includes such medical treatment as may be necessary to restore a man as near as can be to normal condition of health and activity.

In our opinion it is as much a medical service within the terms of the above bill to fit and furnish a man with an artificial limb as it would be to render medical and surgical service to an injured natural limb so as to get a man into such condition that he can walk.

Without hesitation, we advise that funds may be used from the money thus appropriated to purchase Mr. Key an artificial limb.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:X

APPROVED

ATTORNEY GENERAL OF TEXAS